UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Blair Camden, #1552, | ) Civil Action No. 6:14-4554-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| City of Greenville; Greenville Police Department; Officer Shelton; Jimmy Digirolamo; Mary Thomas; Benjamin Thomas; Alia Paramore; Richard Schwartz; Charlse Lane; Jamie Lepak; B.W. Lusk; Diana M. Cadavid; P.C. Loyd; Jeff Burdette; R.C. Hall; Adam Kearney; Melissa Lawson; Ronald Powell; Benedict Sambrano; Jessica Hawkins; Joshua Tankersley; Nathan Smith; and Samuel Holbrooks, each individual allegedly a Greenville City Police Officer, | ) |
| Defendants. | ) |

Plaintiff Steven Blair Camden ("the plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 seeking punitive and compensatory damages in the amount of $9,000,000.00 for claims of excessive force and falsifying reports. (ECF. No. 1.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on January 12, 2015. (ECF No. 15.) In her Report, the Magistrate Judge recommends that the case be dismissed *without prejudice* and without issuance and service of process against the

Greenville Police Department. *Id.* Objections to the Report were due by January 29, 2015. Plaintiff has filed no Objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court **ACCEPTS** and incorporates the Report, (ECF No. 15), by reference into this Order. It is therefore **ORDERED** that the complaint in this action is dismissed *without prejudice* and without issuance and service of process as against the defendant Greenville Police Department, and that the matter be returned to the Magistrate Judge for further pretrial proceedings.

s/Bruce Howe Hendricks<br>United States District Judge

February 23, 2015
Greenville, South Carolina