IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steven Blair Camden, | ) | C/A No.6:14-cv-04554-BHH-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| City of Greenville, Officer Shelton, | ) | **OF MAGISTRATE JUDGE** |
| Jimmy Digirolamo, Mary Thomas, | ) | |
| Benjamin Thomas, Alia Paramore, | ) | |
| Richard Schwartz, Charlse Lane, | ) | |
| Jamie Lepak, B. W. Lusk, Diana M. | ) | |
| Cadavid, P.C. Loyd, Jeff Burdette, R. | ) | |
| C. Hall, Adam Kearney, Melissa | ) | |
| Lawson, Ronald Powell, Benedict | ) | |
| Sambrano, Jessica Hawkins, Joshua | ) | |
| Tankersley, Nathan Smith, Samuel | ) | |
| Holbrooks, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. §1983. On February 13, 2015, Defendant City of Greenville filed a motion to dismiss for failure to state a claim; and on the same day, Defendants Jeff Burdette, Diana M. Cadavid, Jimmy Digirolamo, R. C. Hall, Jessica Hawkins, Samuel Holbrooks, Adam Kearney, Charlse Lane, Melissa Lawson, Jamie Lepak, P. C. Loyd, B. W. Lusk, Alia Paramore, Ronald Powell, Benedict Sambrano, Richard Schwartz, Officer Shelton, Nathan Smith, Joshua Tankersley, Benjamin Thomas, and Mary Thomas filed a motion to dismiss or to quash for insufficiency of service of process ans for failure to state a claim. [Docs. 21, 22.] By Order of this Court on February 18, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences

if he failed to respond adequately. [Doc. 23.] Despite this explanation, Plaintiff failed to respond to the motions.

As Plaintiff is proceeding pro se, the Court filed an Order on March 27, 2015, giving Plaintiff through April 17, 2015, to respond to the motions to dismiss. [Doc. 28.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] However, Plaintiff has failed to respond to the motions.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a

>   dilatory fashion; and
>
>   (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file the responses. Plaintiff has had over two months to respond to the motions to dismiss. Plaintiff's initial responses were due by March 26, 2015 and, despite being advised of the possible consequences if he failed to adequately respond, Plaintiff elected not to respond. The Court filed a second Order, reminding Plaintiff the responses were due and giving him additional time—until April 17, 2015—to respond. The Court has warned Plaintiff the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file the responses. Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be

DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

April 22, 2015
Greenville, South Carolina